UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 14-144-DCR

MARIO GARR,                    PETITIONER,

V.        MAGISTRATE JUDGE'S
        REPORT AND RECOMMENDATION

CLARK TAYLOR, WARDEN,               RESPONDENT.

   Mario Garr entered pleas of guilty in the Fayette Circuit Court to two counts of first degree trafficking in a controlled substance, and one count of being a first degree persistent felony offender. [R. 1, Appx. at 42]. He was sentenced to five years incarceration on the first count of trafficking, enhanced to ten years by the Persistent Felony Offender, and received a sentence of five years on the second count of trafficking, to run concurrently with the first count. [R. 1, Appx. at 42].

   He brings the present action under 28 U.S.C. § 2254 challenging his conviction due to his counsel's ineffective assistance. Specifically, he brings the following claims alleging that his guilty plea was the result of ineffective assistance of counsel: (1) when his counsel failed to properly investigate and present an adequate defense; (2) that counsel failed to advise the petitioner that he would be ineligible for probation for ten years due to his status as a persistent felony offender, and incorrectly informed him that he would be eligible for parole after serving six and one-half years;(3) that counsel was ineffective due to his/her simultaneous representation of a confidential informant, and that counsel conspired to induce him to accept a plea offer and avoid trial in order to avoid presenting a defense of entrapment, and finally (4) he brings a claim that his conviction lacked sufficient evidence.

Having considered the record, and for the reasons set forth below, the Court will recommend that Garr's petition be denied.

## FACTUAL BACKGROUND

The facts of this case, as recounted by the Kentucky Court of Appeals in its opinion considering Garr's appeal from a denial of his motion for post-conviction relief, are not being challenged, and are therefore are presumed to be correct. McAdoo v. Elo, 365 F.3d 487, 493-94 (6th Cir. 2004); Mitchell v. Mason, 324 F.3d 732, 737-38 (6th Cir. 2003). The facts are as follows:

> Garr was arrested on March 3, 2010, after selling narcotics to a confidential informant (CI). He was arraigned in district court the next day, and his case was sent to the grand jury, which indicted him on two counts of first-degree trafficking in a controlled substance and one count of being a first-degree persistent felony offender. Garr was represented at these proceedings by an attorney from the Lexington Department of Public Advocacy (DPA). The CI had been represented by the DPA since February 5, 2010. When members of the DPA realized that they might face a potential conflict of interest in representing both Garr and the CI who had helped to incriminate him, a private attorney was retained to represent the CI on March 8, 2010. The CI entered a plea of guilty to unspecified charges on March 25, 2010.
>
> Garr's attorney filed a motion to suppress the evidence against him, which was denied. Garr entered a conditional plea of guilty to the charges on November 15, 2010. He received a sentence of five years on the first count of trafficking, enhanced to ten years by the PFO charge, and a sentence of five years on the second count of trafficking, to be run concurrently with the first count.
>
> About a year later, Garr filed a motion pursuant to RCr 11.42, alleging that his counsel was ineffective (1) due to a conflict of interest arising from the DPA's simultaneous representation of Garr and the CI; (2) for failing to pursue an effective defense strategy; and (3) for failing to inform him that he would not be eligible for parole until he had served a minimum term of ten years.

Garr v. Commonwealth, No. 2013-CA-000508-MR, 2014 Ky.App. Unpub. LEXIS 172, at * 1-2, (Ky. App., February 28, 2014).

## STANDARD OF REVIEW

Subject to a one-year statute of limitations, state prisoners may seek federal habeas corpus relief on the ground that they are being held in custody in violation of the Constitution, law or treaties of the United States. 28 U.S.C. § 2244(d)(1); Reed v. Farley, 512 U.S. 339, 347 (1994). "Federal habeas corpus relief does not lie for errors of state law. . .[and] it is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). Accordingly, the proper inquiry herein is whether the alleged errors violated the Petitioner's federal rights. Id.

Because Garr filed his habeas petition on April 14, 2014, [R. 1] his claims are governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Pursuant to AEDPA, an application for a writ of habeas corpus on behalf of a person in custody on a state court conviction shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

Thus, a federal court may grant a writ of habeas corpus based on a determination of law rendered by a state court under two different clauses. Under the "contrary to" clause, a federal court

3

may grant habeas relief if the state court arrives at a conclusion opposite that of the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000); White v. Mitchell, 431 F.3d 517, 523 (6th Cir. 2005); Jones v. Jamrog, 414 F.3d 585, 591 (6th Cir. 2005). The words "contrary to" should be construed to mean "diametrically different, opposite in character or nature, or mutually opposed." Williams, 529 U.S. at 405.

Under the "unreasonable application" clause, a federal court may grant habeas relief if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts. Id., at 407-08. Significantly, relief is not available if the state court merely applied clearly established federal law erroneously or incorrectly. Id., at 411. The application must be "objectively unreasonable." Id., at 407.;Lordi v. Ishee, 384 F.3d 189, 195 (6th Cir. 2004). Relief is also available under the clause if the state court decision either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. William, 529 U.S. at 407; Arnett v. Jackson, 393 F.3d 681, 686 (6th Cir. 2004). "The state-court decision need not refer to relevant Supreme Court cases or even demonstrate an awareness of them." Slagle v. Bagley, 457 F.3d 501, 513 (6th Cir. 2006) (*citing* Early v. Packer, 537 U.S. 3, 8 (2002) (*per curiam*)); *see also* Stewart v. Erwin, 503 F.3d 488, 493 (6th 2007). "Instead, it is sufficient that the result and reasoning are consistent with Supreme Court precedent." Slagle, 457 F.3d at 514; *see also* Stewart,503 F.3d at 493.

Ultimately, AEDPA's highly deferential standard requires that this Court give the state court decision "the benefit of the doubt." Slagle v. Bagey, 457 F.3d 501, 514 (6th Cir. 2006). A federal habeas court must give complete deference to evidentiary-supported state court findings of fact

4

pursuant to the presumption of correctness now found in 28 U.S.C. § 2254(e)(1). Sumner v. Mata, 455 U.S. 591, 597 (1982). Likewise, this being a *pro se* petition, the undersigned is mindful that it is held to a less stringent standard than those drafted by legal counsel. *See* Cruz v. Beto, 405 U.S. 319 (1972).

## GROUNDS I AND IV - PROCEDURALLY BARRED FROM REVIEW

Before reviewing the merits of a habeas petition, a court should consider any applicable procedural-bar issue which would preclude consideration of claims on the merits. Lambrix v. Singletary, 520 U.S. 518, 524 (1997). In this case, the Respondent correctly asserts that two of Garr's grounds for relief are procedurally barred from review in this proceeding. [1] [R. 8]. The Respondent points out that Garr did not invoke a full round of Kentucky's post-conviction appellate procedure to consider two of the claims he now brings.

Indeed, a state prisoner may procedurally default a claim for purposes of § 2254 by failing to raise it in the state court, or pursue the claim through the state's ordinary appellate review procedure. O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999); Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006). Any such claim will be procedurally defaulted if, at the time the prisoner's habeas petition is filed, state law does not permit the prisoner to further pursue the claim. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982). The

---

[1] Respondent asserted that Petitioner's claims were barred because he failed to exhaust his state remedies. Procedural default is often confused with exhaustion. Exhaustion, however, only "refers to remedies still available at the time [the] federal [habeas] petition" is filed. Engle, 465 U.S. at 125 n. 28. Where state court remedies are no longer available, as is the case here, procedural default, not exhaustion, bars federal habeas review. Id.; Coleman, 501 U.S. at 731-32; Williams, 460 F.3d at 806.

prisoner will not be allowed to present such claims in a later habeas proceeding unless he can show cause to excuse his failure to present the claims in state court as well as actual prejudice to his defense at trial or on appeal. Gray v. Netherland, 518 U.S. 152, 162 (1996); Coleman, 501 U.S. at 750 (1991); Teague v. Lane, 489 U.S. 288, 298-99 (1989); Deitz v. Money, 391 F.3d 804, 808 (6th Cir. 2004). A petitioner who is unable to show cause and prejudice may then only obtain habeas review if his case fits within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence which shows that a constitutional violation has probably resulted in a conviction of one who is actually innocent. Dretke v. Haley, 541 U.S. 386, 393 (2004); Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Deitz, 391 F.3d at 808; *see also* Wilson v. Mitchell, 250 F.3d 388, 396-97 (6th Cir. 2001).

As correctly pointed out by the Respondent, Garr did not pursue claim I, that his plea was the product of ineffective assistance of counsel when counsel "failed to advise me of other defenses, laws, and to properly pursue the most reasonable and clear defenses actually available, and to inquire into witness accounts. Counsel's [strategy] was from an illegal search and seizure standpoint and did not fit the facts of the case." [R. 1]. In addition, Garr did not present claim IV, that insufficient evidence existed to support his plea and conviction. [R. 1]. In Kentucky, a defendant may file only *one* post-conviction motion for relief from judgment within three (3) years after the entry of final judgment. RCr 11.42(10) (emphasis added). All possible grounds must be presented in the motion to vacate, as the defendant will thereafter be barred from pursuing any further post-conviction relief. Ky. R. Crim. P. 11.42(3); McQueen v. Commonwealth, 948 S.W.2d 415, 416 (Ky. 1997); Gross v. Commonwealth, 648 S.W.2d 853, 857 (Ky. 1983); *accord* George v. Seabold, 909 F.2d 157, 159 (6th Cir. 1990); Stamps v. Rees, 834 F.2d 1269, 1274 (6th Cir. 1987). Garr filed

6

one RCr 11.42 motion, but he did not raise grounds I or IV therein. Moreover, he did not seek discretionary review with the Kentucky Supreme Court, following the decision by the Kentucky Court of Appeals, and his time to do so has expired. Therefore, he may no longer pursue these claims in Kentucky courts. Accordingly, they are now procedurally defaulted. *See* Hester v. Bottom, No. 5: 12-354-DCR, 2013 U.S. Dist. LEXIS 117473, at *17 (E.D. Ky. Aug. 20, 2013) (citing Shane v. Taylor, Case No. 3:11-CV-643-CRS, 2012 U.S. Dist. LEXIS 185639, at *43-44 n.4 (.D. Ky. July 24, 2012) ("The federal district courts for both the Western and Eastern Districts of Kentucky have held, based on the language of RCr 12.05, that a Kentucky prisoner exhausts his available state court remedies when he presents his claims at trial *and by way of appeal* to the next highest appellate court.") (emphasis added); and Oliver v. Parker, No. 6:10-CV-21-GFVT-HAI, 2012 U.S. Dist. LEXIS 186537 (E.D. Ky. Aug. 9, 2012) (finding a claim procedurally defaulted under Kentucky law because the petitioner failed to present the claim to the appellate court after the denial of his RCr 11.42 motion)).

In addition, Garr has not presented any explanation regarding the cause for his default, or prejudice resulting therefrom. [R. 15]. Therefore, he has failed to excuse his procedural default, and grounds I and IV are not subject to review in this habeas proceeding.

### INEFFECTIVE ASSISTANCE OF COUNSEL

The Kentucky Court of appeals articulated the correct standard of review when it considered Garr's claims of ineffective assistance of counsel by stating:

> When a defendant argues that his guilty plea was rendered involuntary due to ineffective assistance of counsel, the trial court is required to "consider the totality

7

of the circumstances surrounding the guilty plea and juxtapose the presumption of voluntariness inherent in a proper plea colloquy with a Strickland v. Washington 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); inquiry into the performance of counsel." To support a defendant's assertion that he was unable to intelligently weigh his legal alternatives in deciding to plead guilty because of ineffective assistance of counsel, he must demonstrate the following:(1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

Garr, 2014 Ky.App.Unpub. LEXIS 172, at *2-3, citing Rigdon v. Commonwealth, 144 S.W.3d 283, 288 (Ky.App. 2004).

## GROUND II

In Ground II, Garr alleges that counsel was ineffective "during the entire proceeding by failing to conduct a proper investigation of all defenses and laws and provide a defense which properly fit the facts of my case with respect to an entrapment defense, counsel also failed to advise the petitioner that under the terms and provisions of Ky Revised Statutes he would be ineligible for probation for ten years due to persistent felony offender status, and informed petitioner he would be eligible for parole after serving only six and one half years." [R. 1]. The Kentucky Court of Appeals, considered these arguments below, and ruled as follows:

> Garr further argues that his attorney failed to pursue an effective defense strategy. He acknowledges that she filed a motion to suppress the evidence — narcotics — that was seized from his car, but contends that she should also have pursued an entrapment defense. In order to mount a successful entrapment defense, a defendant must show he was "tricked or induced into committing a crime at the behest of governmental actor[.]" Mackey v. Commonwealth, 407 S.W.3d 554, 559 (Ky. 2013). But if the evidence is that the defendant "otherwise is disposed to engage in the criminal activity, then inducement or encouragement does not constitute entrapment." Id. (quoting Commonwealth v. Sanders, 736 S.W.2d 338, 340 (Ky.

8

1987). Garr fails to explain how this defense would have been viable in his case, or how it would have been so definitely exculpatory that he would have rejected the plea offer and insisted on going to trial.

Finally, in reliance on Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), Garr argues that his attorney was ineffective for failing to advise him that, under the terms of Kentucky Revised Statutes (KRS) 532.080(7), he would be ineligible for probation for ten years because he was a first-degree persistent felony offender. Garr claims that his attorney instead told him he would be eligible for parole after serving only six and one-half years. Garr's contention is refuted by the record. At his plea hearing, his attorney stated, in [*8] the context of waiving a sentencing hearing, that Garr would become eligible for parole after serving ten years. Garr made no comment and acquiesced completely to her remarks.

Moreover, even if we accept Garr's allegation concerning his counsel's misadvice as true, to make a successful claim under Padilla, he also has to show that, if he had been made aware of the effect of the violent offender statute on his parole eligibility, there is a reasonable probability he would have rejected the plea offer and taken his chances at trial. Stiger v. Commonwealth, 381 S.W.3d 230, 237 (Ky. 2012). Garr must show that it would have been a "rational" decision to reject the ten-year plea deal. Id. He has not made such a showing. The plea offer which Garr signed stated that he was aware that he faced a possible sentence of twenty years if he went to trial. The rejection of a plea offer which cut this sentence in half can hardly be characterized as a rational decision, especially in light of the fact that the evidence against him was considerable.

Garr, 2014 Ky.App.Unpub. LEXIS 172, at *6-8.

Clearly, the state court's ruling on this claim is not contrary to or an unreasonable application of clearly established federal law. The state court identified the correct standard for ineffective assistance of counsel under Strickland v. Washington, and first found that his claim that counsel's performance was deficient was clearly not supported by the record. Further, the court remarked that even if it assumed counsel was deficient, Garr suffered no prejudice, and was unable to make a successful claim under Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), as he could not show that it would have been a rational decision to reject an offer of a ten-year plea deal and proceed to trial where he faced a possible sentence of twenty years. Therefore, Garr is

9

unable to show that the court's ruling was contrary to or an unreasonable application of clearly established federal law, and he is entitled to no relief on Ground II.

GROUND III

In his third ground for relief, Garr contends that "counsel in this case was also representing a confidential informant and conspired to induce petitioner to except [sic] plea offer and avoid trial due to the fact that an entrapment defense would be required and shown due to the relationship between petitioner and confidential informant." [R. 1]. In addressing this argument, the Kentucky Court of Appeals conducted the following analysis:

> Under the Sixth Amendment to the Constitution of the United States, the right to effective assistance of counsel includes the right to counsel whose loyalty to the defendant is not divided by a conflicting interest. Bartley v. Commonwealth, 400 S.W.3d 714, 719 (Ky. 2013) (citing Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978)). RCr 8.30(1) provides in part that in criminal matters where confinement or a substantial fine is at stake, "no attorney shall be permitted at any stage of the proceedings to act as counsel for the defendant while at the same time engaged as counsel for another person or persons accused of the same offense or of offenses arising out of the same incident or series of related incidents" unless, among other listed conditions, "the trial court explains the attorney's possible conflict of interest to the defendant, and the defendant waives in writing any objection thereto." Bartley, 400 S.W.3d at 719.
>
> Even if the RCr 8.30 requirements of warning and waiver are not met, a defendant is not entitled to a new trial unless he shows that his attorney's potential conflict of interest materialized and adversely affected his performance. Id. (citing Kirkland v. Commonwealth, 53 S.W.3d 71 (Ky. 2001)). The burden of establishing an actual conflict is on the defendant. Epperson v. Commonwealth, 809 S.W.2d 835, 844 (Ky. 1990). "Indeed, as a threshold matter, the defendant must demonstrate that the defense attorney was required to make a choice advancing his own interests to the detriment of his client's interests." Sanborn v. Commonwealth, 892 S.W.2d 542, 549, 41 11 Ky. L. Summary 37 (Ky. 1994) (quoting Beets v. Collins, 986 F.2d 1478, 1486 (1993)).

> In denying Garr's motion, the trial court found that the DPA's simultaneous representation of Garr and the CI lasted for, at most, six days, from March 3, 2010, the date of Garr's arrest, to March 8, 2010, the date on which private counsel was appointed to represent the CI. The trial court concluded that Garr had simply failed to show an actual conflict of interest.
>
> Garr argues that the attorneys conspired to induce him to accept the plea offer. According to Garr, the attorneys wanted to avoid going to trial because it would be revealed that Garr had been entrapped by the CI, who obtained a favorable plea offer by cooperating with the Lexington Police Department's Drug Task Force. He claims that this entrapment was possible because the CI had been a close family friend of Garr's for years.
>
> Garr's allegations are vague and speculative, and he does not succeed in showing an actual conflict of interest, or how his attorney advanced her own interests to his detriment. The Commonwealth has pointed out that the CI entered a guilty plea and was sentenced long before Garr entered his plea, so her status would not have been affected by any revelations at Garr's trial. "If general allegations . . . were sufficient, RCr 11.42 would easily be turned into a discovery device, a result which . . . is contrary to the rule's purpose." Roach v. Commonwealth, 384 S.W.3d 131, 140 (Ky. 2012). A defendant's failure to provide factual support, as RCr 11.42 requires, "provides the basis for summary dismissal" of the claim. Sanders v. Commonwealth, 89 S.W.3d 380, 390 (Ky. 2002) (overruled on other grounds by Leonard v. Commonwealth, 279 S.W.3d 151 (Ky. 2009)). Garr has failed to show any specific defect in his counsel's "strategy, tactics, or decision making attributable to [the] conflict. . . . Speculative allegations and conclusory statements are not sufficient[.]" Bartley, 400 S.W.3d at 719 (internal citation omitted).

Garr, 2014 Ky.App.Unpub. LEXIS 172, at *3-6.

This analysis by the Kentucky Court of appeals correctly sets forth the federal standard, and reasonably applies that standard to the facts, finding that Garr's counsel did not have an actual conflict of interest. Garr and the CI were both represented by attorneys with the Department of Public Advocacy for, at most six days, from March 3, 2010, the date of Garr's arrest, to March 8, 2010, the date on which private counsel was appointed to represent the CI.. In such a circumstance, he cannot show that counsel actively represented conflicting interests, and has not established the constitutional predicate for his claim of ineffective assistance of counsel. See Cuyler v. Sullivan, 446

U.S. 335, 348 (1980). In addition, the Court ruled that Garr failed to prove that successive representation adversely affected his attorney's performance. The trial court correctly concluded that Garr had failed to show a conflict of interest, and Garr is entitled to no relief on Ground III..

CONCLUSION

Therefore, for the reasons stated herein,

IT IS RECOMMENDED that the Defendant's motion to vacate [R. 1] be DENIED.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommendation, issued under subsection (B) of the statute. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Arn, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995). Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

This the 25th day of September, 2014.



Signed By:
Edward B. Atkins    EBA
United States Magistrate Judge