UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

MARIO GARR,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Petitioner,　　　　　　　　　)　　Civil Action No. 5: 14-144-DCR-EBA
　　　　　　　　　　　　　　　　　)
V.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
CLARK TAYLOR, Warden,　　　　　　)　　**MEMORANDUM OPINION**
　　　　　　　　　　　　　　　　　)　　**AND ORDER**
　　　Respondent.　　　　　　　　　)

\*\*\*　\*\*\*　\*\*\*　\*\*\*

In 2010, Mario Garr pleaded guilty to two counts of first degree trafficking of a controlled substance and one count of being a first degree persistent felony offender. [Record No. 1] He was sentenced to a total of 120 months of incarceration.[1] [*Id.*] After unsuccessfully appealing in Kentucky state court, Garr petitions this Court for collateral relief under 28 U.S.C. § 2254. [*Id.*] As grounds for relief, Garr claims that his conviction lacked sufficient evidence and that his guilty plea was the result of ineffective assistance of counsel. [*Id.* p. 5] Garr alleges that his attorney: (i) failed to properly investigate and present an adequate defense; (ii) failed to advise Garr of his ineligibility for probation; and (iii) impermissibly represented a confidential informant in violation of his fiduciary duties to Garr. [*Id.*]

Consistent with local practice, Garr's petition was presented to a United States Magistrate Judge for initial review and issuance of a report in accordance with 28 U.S.C. §

---

[1] Garr received 60 months on the first count of trafficking, enhanced to 120 months by the persistent felony offender conviction, and another 60 months on the second count of trafficking to run concurrently with the first. [Record No. 1]

-1-

636(b)(1)(B). On September 25, 2014, United States Magistrate Judge Edward B. Atkins recommended that the petition be denied. [Record No. 12] Magistrate Judge Atkins concluded that a number of Petitioner's claims were not presented to Kentucky's highest courts and, therefore, were not exhausted. [*Id.*] Additionally, resolution of the remaining claims did not involve an unreasonable application by the state courts of clearly-established federal law. [*Id.*]

While district courts must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Here, Garr has failed to file timely objections to the Magistrate Judge's Report. However, after examining the record and having reviewed the matter *de novo*, the Court agrees with the Magistrate Judge's recommendations concerning the issues raised in Garr's § 2254 petition.

    **A.**    **Procedurally Barred Claims**

A state prisoner procedurally defaults on a claim under § 2254 by failing to raise it in state court or through the state's ordinary appellate review procedure. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Where state court remedies are no longer available to the petitioner, procedural default bars federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Williams*, 460

F.3d at 806. A prisoner will not be permitted to present such claims in a later habeas proceeding unless he can show cause to excuse his failure to present the claims in state court as well as actual prejudice to his defense at trial or on appeal. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). A petitioner who is unable to show cause and prejudice may obtain habeas review only if denying such review would produce a fundamental miscarriage of justice, such as when new evidence suggests actual innocence. *Dretke v. Haley*, 541 U.S. 386, 393 (2004).

Garr claims that insufficient evidence existed to support his plea and conviction. [Record No. 1] Additionally, he claims that his attorney failed to advise him of potential defenses "and to properly pursue the most reasonable and clear defenses actually available." [*Id.* p. ] These claims were not raised in the state court proceedings and Garr is now barred from raising them under Kentucky law. Ky. R. Crim. P. 11.42(3) (all possible grounds must be presented in the initial motion to vacate or relief will be barred). Moreover, Garr did not seek discretionary review with the Kentucky Supreme Court following the Kentucky Court of Appeals decision. His time to do so has now expired. Accordingly these claims are procedurally defaulted. Because the Petitioner has neither shown cause to excuse his failure to present the claims in state court nor established actual prejudice resulting from the alleged errors, these grounds are not subject to review before this Court.

B.    **Remaining Claims**

Garr's remaining claims for ineffective assistance of counsel allege that his attorney failed to advise him of his ineligibility for probation and breached counsel's duty to Garr by representing a confidential informant. [Record No. 1, p. 5] According to Garr, his counsel "conspired to induce [him] to except [sic] a plea offer and avoid trial" to avoid presenting a

defense of entrapment. [*Id.* p. 8] The Kentucky Court of Appeals considered Garr's claims of ineffective assistance of counsel but found that both lacked merit. [Record No. 1-1, p. 26] For these claims to survive, Garr must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). However, the state court addressed and accurately described the *Strickland* standard and properly allocated the burden to the Petitioner in disposing of his ineffective assistance of counsel claims. [Record No. 1-1, p. 28] The Kentucky Court of Appeals reasonably concluded that Garr had not established deficient performance or prejudice. [*Id.* p. 26] And this Court agrees. The appropriate analysis is accurately set forth in the Magistrate Judge's report at pages seven through twelve. [Record No. 12]

### C. Certificate of Appealability

A Certificate of Appealability may be issued only where the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court's denial of the requested relief is based on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 437, 484 (2000). However, when a court's denial is based on a procedural ruling, the movant must show that reasonable jurists "would find it debatable whether the motion states a valid claim of the denial of a constitutional right" and debatable "whether the court was correct in its procedural ruling." *Id.* In the present case, Garr has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the procedural issues he seeks to raise are debatable among reasonable jurists or that the questions are adequate to

deserve encouragement to proceed further. Therefore, a Certificate of Appealability will not be issued.

In summary, the record reflects that the state courts correctly rejected Garr's claims of ineffective assistance of counsel. Further, the Petitioner's claims which were not brought to the state courts are procedurally defaulted. Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Edward B. Atkins [Record No. 10] is **ADOPTED IN FULL** and **INCORPORATED** by reference.

2. Mario Garr's Petition for Habeas Corpus Relief under 28 U.S. C. § 2554 [Record No. 1] is **DENIED** and this matter is **DISMISSED** from the Court's docket.

This 15th day of October, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge